### ALLEN et al. v. STEAD et al.

*(Supreme Court, General Term, First Department. October 24, 1890.)*

1. PLEADING—BILL OF PARTICULARS.
   Where the complaint in an action for the wrongful conversion of securities purchased and held by defendants for plaintiff's testatrix in her life-time contains no description of the securities, or of their nature or amount, a bill of particulars is properly ordered.

2. SAME.
   An objection by plaintiffs that the books of defendants contained an account of the securities was unavailing where the complaint did not charge the conversion of all the securities mentioned in the books.

3. SAME.
   Plaintiffs being executors, and not shown to possess the information to make out the bill of particulars, the order therefor would be conditional upon defendants' producing their books for the inspection of plaintiffs.

Appeal from special term, New York county.

Action by Franklin Allen and others, as executors, etc., against Charles M. Stead, impleaded with Harry Allen. Defendant Stead appeals from an order directing the service of a bill of particulars.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Butler, Stillman & Hubbard,* (*John Notman,* of counsel,) for appellant. *Dillaway, Davenport & Leeds,* (*John S. Davenport,* of counsel,) for respondents.

DANIELS, J.  The plaintiffs in this action are the executors of the estate of Ethelinda V. Allen, deceased.  Their action is for the wrongful conversion by the defendants of securities purchased and held by them for her during her life-time.  Their complaint has been framed in the most general language, containing no description of the securities, or of their nature or amount.  The defendant had no information from it by which he could understand what claim would be made against him, or what he might be expected to meet upon the trial.  A demand in writing was made of a large number of securities from the defendants, before the suit was commenced, but the action was not limited to these or any other particular securities.  It was therefore a proper case for a bill of particulars, for in no other way could the defendant be informed of the charges he would be expected to meet.  An account of these securities is stated to be contained in the books of the defendants, but as there has been no designation of them in the complaint that account will not afford the defendants the means of knowing what items contained in it will form the subject of the action.  If the complaint had charged the wrongful conversion of all the securities mentioned in the books of the defendants, that would have informed them of the particulars of the plaintiffs' demand.  But it has not done that, nor has it connected the subject of the action with any special entries contained in the books, and the defendant is entitled to something more definite than has been stated to place him in a position where he will be intelligently able to contest the action; and that information can only be now supplied by a bill of particulars.  But the plaintiffs are executors of this estate, and are shown not to possess the information from which the bill can be made.  They have no personal knowledge of the dealings between the testatrix and the defendants, who acted as her agents and brokers.  But the defendants are stated to have kept books in which these dealings were entered, and from which alone the information can be obtained for making the bill of particulars.  That their books contain these accounts has not been denied, and while the plaintiffs should plainly particularize the securities they intend to claim damages for upon the trial the order for them to do that should be conditional that the defendants should produce their books, so that the information will be obtained from them by which the plaintiffs will be able to make out their bill of particulars.  In no other way can that be done, and the order, for that reason, should be so modified as to require the bill of particulars to be served within 60 days after the books of the defendants, containing entries relating to their dealings with the testatrix, shall be produced and deposited subject to the inspection and examination of the plaintiffs' attorneys, or some competent person to be selected by them or by the plaintiffs for that purpose, who shall be permitted to make extracts of such entries therefrom.  The deposit of the books should be made within 20 days after notice of the order to be entered upon this decision; and as that seems to have received the approval of the plaintiffs' attorneys, the books should be so deposited in the office of the defendants' attorney.  If, however, that shall for any reason be unsatisfactory, then other and further directions as to the place of the deposit will be given on the settlement of the order, which will be upon notice.  Should the defendants fail to produce and deposit such books, and permit such inspection and examination, then the order should be reversed, with $10 costs and the disbursements, and the motion denied.  But in case of their production and deposit, and permission to the plaintiffs' attorneys, or the person selected by them, or the plaintiffs, to inspect and examine such entries, and take copies of the same, then the order as modified should be affirmed, without costs of the appeal.  All concur.